UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL WIGHTMAN,

DECISION AND ORDER

Plaintiff,

18-CV-6295L

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
_____


Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final determination.

On June 5, 2014, plaintiff, then thirty-six years old, filed an application for a period of disability and disability insurance benefits, alleging an inability to work since May 1, 2011. (Administrative Transcript, Dkt. #8 at 11). His application was initially denied.

Plaintiff requested a hearing, which was held via videoconference on September 22, 2016 before Administrative Law Judge ("ALJ") Michael Carr. The ALJ issued a decision on January 5, 2017, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #8 at 11-21). That decision became the final decision of the Commissioner when the Appeals Council denied review on February 14, 2018. (Dkt. #8 at 1-4). Plaintiff now appeals.

The plaintiff has moved (Dkt. #9), and the Commissioner has cross moved (Dkt. #13) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below,

the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision recites detailed findings of fact, and sets forth the evidence upon which they rest. Upon careful review of the record, I believe that the ALJ applied the correct legal standards, and that his finding that plaintiff is not totally disabled is supported by substantial evidence.

In examining plaintiff's application, the ALJ summarized plaintiff's medical records, which reflected treatment for degenerative disc disease of the cervical, thoracic and lumbar spine (following an April 26, 2011 on-the-job injury in which plaintiff was hit by a truck, and a subsequent surgical spinal fusion), major depressive disorder, and anxiety, which the ALJ concluded together constituted a severe impairment not meeting or equaling a listed impairment. Upon review of the evidence of record, the ALJ determined that plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, but with no more than occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching and crawling. Plaintiff cannot climb ladders, ropes or scaffolds. He can frequently reach overhead with his right arm.

He cannot operate a motor vehicle. Further, plaintiff is limited to unskilled work requiring only simple, work-related decisions, and not involving conveyor belts or assembly lines. He can tolerate frequent contact with supervisors, coworkers, and the general public. (Dkt. #8 at 15).

Given this RFC as a hypothetical, vocational expert Jane F. Beougher testified that a person with those limitations could perform the representative unskilled sedentary positions of ampoule sealer, ticket counter, surveillance system monitor and label cutter. (Dkt. #8 at 358-59).

On appeal, plaintiff initially objects to the ALJ's assessment of the medical opinions of record. For example, plaintiff contends that the ALJ erred when he afforded the opinion of non-examining state agency consultant Dr. Sandra Juriga "great weight," but failed to adequately incorporate Dr. Juriga's opinion concerning moderate limitations in social interaction into his RFC finding.

The Court disagrees. The ALJ did, in fact, find that plaintiff has "moderate difficulties" in social functioning. (Dkt. #8 at 14). To the extent plaintiff claims that the ALJ's RFC determination was inconsistent with this finding because it allowed for "frequent" contact with supervisors, coworkers and the public (Dkt. #8 at 14, 15), the Court observes that the ALJ's RFC determination *also* included a limitation to unskilled work. It is well-settled that moderate limitations in social interaction and other areas of work-related functioning nonetheless permit the performance of unskilled work, such that a limitation to unskilled work is generally sufficient to accommodate those limitations. *See e.g.*, *Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010). *See also Martinez v. Commissioner*, 2017 U.S. Dist. LEXIS 93475 at *20-*21 (N.D.N.Y. 2017) (collecting cases, and noting that the "Second Circuit has held that moderate limitations in work related functioning [including relating adequately with others] does not significantly limit, and thus prevent, a plaintiff from performing unskilled work"). As such, "even a moderate limitation

in social functioning would not preclude the demands of unskilled work, [and the] ALJ's RFC determination that [p]laintiff could frequently interact with others [i]s not inconsistent with [a physician's] opinion that [p]laintiff had . . . 'moderate' limitations in this area." *Cathron-Kelly v. Commissioner*, 2017 U.S. Dist. LEXIS 214747 at *21 (N.D.N.Y. 2017). Indeed, Dr. Juriga herself, despite finding that plaintiff had moderate limitations in social interaction, opined that he was capable of "unskilled entry level work," and plaintiff indicated that he socialized occasionally and participated in small gatherings, and denied any problems getting along with others, including bosses.[1] (Dkt. #8 at 14, 332-62, 501, 503). Accordingly, the ALJ's finding that plaintiff's moderate limitation in social interaction permits him to tolerate "frequent" contact with supervisors, coworkers and the public was not erroneous.

Moreover, even if the ALJ's RFC finding concerning "frequent contact" with others had been in error, that error was harmless, since at least three of the four positions identified by the vocational expert – ampoule sealer, surveillance system monitor, and label cutter – require no more than occasional social interaction. *See Duprey v. Berryhill*, 2018 U.S. Dist. LEXIS 65737 at *18 (D. Conn. 2018); *Castagna v. Berryhill*, 2017 U.S. Dist. LEXIS 113269 at *6 (S.D.N.Y. 2017); *Rodriguez v. Colvin*, 2015 U.S. Dist. LEXIS 45247 at *42 (S.D.N.Y. 2015).

Plaintiff correctly points out that the ALJ misattributed two of the opinions of record to the wrong independent medical examiner, referring to "four" examinations having been completed by Dr. Charles Heck, when in actuality, two of those examinations were performed by Dr. John Devanny. (Dkt. #8 at 18-19, 556, 560, 568, 573). However, plaintiff does not identify, nor does

---

[1] Plaintiff's testimony on this point appears to be inconsistent. Although plaintiff told consulting psychologist Dr. Brownfeld that he did not have a social life, (Dkt. #8 at 522), he indicated in his application that he socializes occasionally at "small gatherings" (Dkt. #8 at 501), and he testified at his hearing that he has a girlfriend and "a couple of friends" who routinely go "out of their way" to assist him with errands, shopping and getting to doctor's appointments, and who come over to his house to socialize. (Dkt. #8 at 353-55).

the Court perceive, any reversible error flowing from the ALJ's mistake. Indeed, all four examination reports were consistent with one another, generally finding that plaintiff had diminished range of motion in his neck, but full strength and sensation in his neck and in all of his extremities, and all were given "partial" weight by the ALJ, to the extent that they were supported by plaintiff's treatment history, objective testing of plaintiff's spine, and activities of daily living. *Id.*

Plaintiff also argues that all of the medical examinations of record, which were completed between 2012 and 2014, are "stale," and that the record was therefore incomplete. The Court disagrees. Plaintiff's alleged disability onset date is May 1, 2011. The medical opinion evidence includes physical examinations by Dr. Heck (October 2012 and April 2013) and Dr. Devanny (October 2013 and May 2014), as well as a consultative psychiatric examination by Dr. Adam Brownfeld on August 4, 2014 and Dr. Juriga's reviewing physician opinion of August 12, 2014. (Dkt. #8 at 519-23, 556-59, 560-63, 568-71, 573-76). The record also contains plaintiff's treatment records from May 2011 through June 2016, including records related to his cervical fusion surgery on April 17, 2012. Because the record contained treatment notes and opinion evidence spanning the entire period from the May 1, 2011 onset date through June 2016 (just a few weeks prior to the hearing date), there were no obvious gaps in the record. Indeed, plaintiff's counsel conceded at the hearing that the record was complete, and did not offer, or ask the ALJ to obtain, any additional evidence. (Dkt. #8 at 334-35).

Plaintiff generally claims that the ALJ "cherry-picked" the record by declining to adopt portions of the medical opinion evidence (chiefly, the opinion of consulting psychologist Dr. Brownfeld), and that the ALJ failed to set forth good reasons for discounting it. The Court disagrees.

Dr. Brownfeld examined plaintiff on August 4, 2014. (Dkt. #8 at 519-23). Dr. Brownfeld observed that plaintiff was cooperative, with appropriate manner of dress, appropriate eye contact, fluent and clear speech, coherent and goal-directed thought, dysphoric (uneasy) affect, dysthymic (depressed) mood, normal senses and orientation, intact attention and concentration, mildly impaired memory skills, below-average intellectual functioning, and fair insight and judgment. (Dkt. #8 at 519-21). He found that plaintiff had no limitations in following and understanding simple instructions, performing simple tasks independently, and maintaining attention and concentration. Dr. Brownfeld opined that plaintiff had mild limitations in making appropriate decisions and relating adequately with others, and marked limitations in performing complex tasks independently and dealing appropriately with stress. *Id.*

The ALJ adopted the majority of Dr. Brownfeld's opinion, but gave only "limited" weight to his opinion that plaintiff was markedly limited in dealing with stress, on the grounds that Dr. Brownfeld did not set forth any basis for that limitation (his objective observations concerning plaintiff's mood, behavior, demeanor and presentation having been mostly normal), and that there was no evidence elsewhere in the record that plaintiff suffered from marked difficulties in dealing with stress. Plaintiff's treating and examining physicians records consistently described plaintiff as pleasant and cooperative, and none of his treating physicians had diagnosed him with a stress-related condition or prescribed him any psychotropic medications. (Dkt. #8 at 19). Given that the record did not otherwise substantiate a finding of marked limitations in dealing with stress, the ALJ's decision not to credit that portion of Dr. Brownfeld's opinion was well-supported.

In sum, while "the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole." *Matta v. Astrue*, 508 Fed.

Appx. 53, 56 (2d Cir. 2013) (unpublished opinion). Furthermore, it is "not require[d] that [the] ALJ have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability." *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir.1983). Here, the ALJ discussed the medical opinion evidence of record, set forth his reasoning for the weight afforded to each opinion, and cited and discussed specific evidence in the record which supported his determination. As such, I do not find that the ALJ improperly substituted his "own expertise or view of the medical proof [in place of] any competent medical opinion," or that his conclusions were not supported by substantial evidence of record. *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015).

I have considered the rest of the plaintiff's claims, and find them to be without merit.

### CONCLUSION

For the forgoing reasons, I find that the ALJ's decision was supported by substantial evidence, and was not based on legal error. The plaintiff's motion for judgment on the pleadings (Dkt. #9) is denied, the Commissioner's cross motion for judgment on the pleadings (Dkt. #13) is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed in its entirety.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
June 26, 2019.